UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>      Plaintiff,<br><br>  v.<br><br>STEVEN SINCLAIR,<br>RON KNIGHT,<br>LYNN/IRISH CLARK and<br>MR. PIERCE,<br><br>      Defendants. | NO. 2:12-CV-5141-TOR<br><br>OBJECTIONS NOTED;<br>RECONSIDERATION DENIED |

BEFORE THE COURT are Plaintiff's Objections to Ruling Fed. R. Civ. P. 46 (ECF No. 174), Objections to Ruling Fed. R. Civ. P. 46 (Second Set) (ECF No. 175), and Amended Objections to Ruling Fed. R. Civ. P. 46 (Second Set) (ECF No. 176). The Court has reviewed the record and files herein and is fully informed.

//

//

OBJECTIONS NOTED; RECONSIDERATION DENIED ~ 1

## DISCUSSION

Plaintiff invokes Federal Rule of Civil Procedure 46 in his three objections to the Court's ruling. Rule 46 abolished the requirement of formal objections. Plaintiff's objections are noted for the record.

Plaintiff is proceeding *pro se* and liberally construing his filings he may be seeking reconsideration. To the extent Plaintiff seeks reconsideration, such is **denied**.

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A district court does not abuse its discretion when it disregards legal arguments made for the first time on a

motion to alter or amend a judgment. *United Nat. Ins. Co.*, 555 F.3d at 780 (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment. See *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

Reconsideration is properly denied when the movant "present[s] no arguments . . . that had not already been raised" previously. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989); *see also City of Fresno v. United States*, 709 F.Supp.2d 888, 916 (E.D. Cal. 2010) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

On the other hand, Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order. An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v.*

*Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke" its order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

As a rule, a court should be loathe to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). While the district court possesses inherent power to reconsider and amend previous interlocutory orders, *Martin*, supra, like other motions to reconsider, this is an extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources. Indeed, courts frequently apply the same standard as that applicable to Rule 59(e) motions. See *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

Moreover, as this Court cautioned in its November 27, 2018 Jury Trial Scheduling Order:

> Motions to Reconsider are disfavored. Motions must show manifest error in the prior ruling or reveal new facts or legal authority which

OBJECTIONS NOTED; RECONSIDERATION DENIED ~ 4

could not have been brought to the Court's attention earlier. The motion shall be noted for expedited hearing without oral argument seven days after it is filed. No response to a motion for reconsideration need be filed unless requested by the Court. No motion for reconsideration will be granted without such a request by the Court.

ECF No. 129 at 6.

Here, the Court finds reconsideration is not warranted. Plaintiff did not come forward with any evidence that shows the Defendants were motivated to violate his constitutional rights so they would continue to be paid. Plaintiff, as the non-moving party, was required to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. Per Rule 56(c), Plaintiff was required to support his assertions by: "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials". Plaintiff failed to produce any evidence and shows nothing more than a disagreement with the Court's decision. Plaintiff has failed to show manifest error, present new facts or law that could not have been brought to this Court's attention earlier, or

otherwise demonstrate any reason that justifies reconsideration. Accordingly, Plaintiff's filings construed as motions for reconsideration are denied; this Court's previous order stands.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's objections are noted for the record.
2. To the extent Plaintiff seeks reconsideration by filing ECF Nos. 174, 175, 176, such is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** July 26, 2019.

THOMAS O. RICE
Chief United States District Judge