UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THOMAS O. RICE
CHIEF UNITED STATES DISTRICT JUDGE

P.O. BOX 1493
SPOKANE, WASHINGTON 99210
(509) 458-2470

September 11, 2019

Re:   *John Thomas Entler v. Sinclair et al.*
      *Case No. 2:12-CV-05141-TOR*
      Procedures for upcoming civil jury trial

Dear Gentlemen:

You are currently scheduled to try a civil jury trial in my Court beginning September 23, 2019. I will employ the following procedures during that trial.

**1. Final Pretrial Conference**
I will meet with the parties in court at 8:30 a.m. on the first day of trial. Issues that require discussion will be addressed at that time. A copy of the jury panel's juror questionnaires will be provided to the parties at this time. Personal identifiers will be redacted. The parties must return these questionnaires to the clerk of court at the conclusion of jury selection. That conference will conclude by 8:50 a.m.

**2. Jury Introduction**
The deputy clerk will then bring the jurors to the courtroom by 9:00 a.m. Prior to the first morning of trial, the deputy clerk will enter the names of the jurors into the computer which randomly assigns a number to each juror. The jurors will then receive a card with their number on it. The first 14 jurors will be seated in the jury box. The other jurors will be seated in sequence within the first rows of the seating section. The entire jury panel will then be administered the oath regarding jury qualifications.

When all jurors have been seated in this fashion, I will welcome them, read a summary statement of the case, and give them an estimated length of the trial (no more than 3 days). Following that, I will explain to the jurors the fundamental importance of jury duty. I will then advise the jurors that if there are any questions asked by me or by the parties that will cause embarrassment or are quite personal, they are to raise their hand and ask to approach the bench so that the matter can be discussed at the bench with me rather than in public.

**3. Court Introduction and Voir Dire**
After the jury panel understands their responsibilities, I will:

    a)   Introduce the courtroom staff, with a brief explanation of their roles;

1

    b)     Introduce the plaintiff;

    c)     Introduce defense counsel who will introduce those at the Defendants' table; and

    d)     Read the list of possible witnesses that has been provided to me by the parties. I will ask the jury panel whether anyone is familiar with any of the parties or witnesses.

The following general questions will then be addressed to the entire panel:

    1)     Whether they are familiar with, heard or read anything about the case;

    2)     Whether they or any member of their immediate family have any dealings with any of the parties;

    3)     Whether anyone would not be able to render a verdict solely on the evidence presented at trial applying the law as given by the Court, disregarding any other ideas, notions or beliefs about the law they may have; and

    4)     Whether anyone has a mental or physical infirmity that would make serving as a member of this jury difficult or impossible or that requires special attention during the course of the trial.

Following those general questions, each juror will be asked to stand and tell something about themselves including:

    1)     Their name and area of residence;

    2)     Any clubs, unions, or other organizations that they belong to and whether they have held any leadership positions in those groups;

    3)     Their favorite book, television program, or hobby;

    4)     Whether they regularly read any newspapers or magazines, and if so, which ones;

    5)     The extent of their worldly travels;

    6)     Whether they know any other juror; and

    7)     Whether they could be attentive to the evidence and be fair to the parties in this case.

I will then ask selected questions from those questions previously submitted by the parties and any additional questions I may have.

### 4. Voir Dire

Each party will then be allowed **10 minutes of voir dire** with the plaintiff proceeding first.

I will once again ask whether anyone would not be able to render a verdict solely on the evidence presented at trial applying the law as given by the Court, disregarding any other ideas, notions or beliefs about the law they may have.

### 5. Jury Selection

Following voir dire, jury selection will begin. The "struck jury" system will be used. The parties will first approach the bench with their challenges for cause. Challenges for cause will be presented as follows:

> Name and number of the juror will be written out for the Court to examine and rule on; challenges shall be taken at the Bench out of hearing of the jury and in the presence of the court reporter.

Following the for cause challenges, peremptory challenges will be taken. They will alternate:

> 1 Plaintiff, then 1 for Defendant;
> 1 Plaintiff, then 1 for Defendant; and
> 1 Plaintiff, then 1 for Defendant.

The parties are not permitted to back-strike when using their peremptory challenges; that is, a party may not strike a lower numbered juror than **that** party's earlier peremptory challenges. For example, if the plaintiff strikes Prospective Juror No. 5 with its first peremptory challenge, it may not strike any prospective juror with a lower number with its remaining peremptory challenges. If you waive a peremptory challenge, that peremptory challenge is lost.

Any *Batson* objections will then be heard at the bench on the record out of hearing of the jury. Following the rulings on any *Batson* objections, all jurors will be removed from the jury box and the first **seven (7) jurors** who have not been challenged will be seated in sequence.

The parties will then be asked on the record if the jury that is seated is the jury that they have selected. Upon receiving assurances from both parties, the jury will be sworn. Following the administration of the oath to the seated jury, the remaining jurors will be excused with the thanks of the parties through the Court.

### 6. Juror Notebooks

The seated jurors will each receive a notebook. The notebook will contain a page welcoming them to the court and giving them some brief instructions. The notebook will also contain a writing utensil, notebook paper, and the Initial Jury Instructions, which I will read to them at this time. A copy of this material will be provided to you at 8:30 a.m., the first morning of trial.

### 7. Opening Statements
Opening statements will then begin.  I will allow each party up to **15 minutes** for opening statements in this case.

### 8. Objections
Objections shall be stated in a simple manner as "Relevance" or "Hearsay."  There shall be no speaking objections of unnecessary length.  Side bar conferences are highly discouraged.  If an objection requires a conference at the bench, the parties shall ask for a hearing during the recess, lunch, before or after court.  The jury shall be kept productive while in attendance.

### 9. Evidence and Exhibits
All evidence, charts, summaries, and exhibits (including demonstrative or illustrative) must be viewed by the opposing party prior to their introduction.  All exhibits are to be presented through a laptop or placed on the Elmo, with the original marked exhibit given to the witness.  Poster boards will not be permitted.

### 10. Closing Arguments
During closing argument, the parties are reminded not to express their personal beliefs as to the credibility of any witness.  Specifically, the parties should not indicate they believe or do not believe the testimony provided by particular witnesses.  In addition, the parties must refrain from encouraging jury members to place themselves in the position of the plaintiff or defendant when considering the evidence and determining their verdict.

### 11. Electronic Presentations
If you are going to use any electronic presentation equipment and are unfamiliar with the courtroom's technology, you shall call chambers at (509) 458-2470 prior to trial and schedule an orientation.

### 12. Courtroom Protocol
Trial days are 8:30 a.m. to 5:00 p.m., unless the Court orders otherwise.  The Court will take a 15 minute break around 9:45 a.m. and a short 10 minute break about 11:00 a.m.  Lunch recess is normally 12:00 noon to 1:30 p.m.  There will be two breaks during the afternoon session usually around 2:45 p.m. and 4:00 p.m.

The parties are expected to be early to Court and prepared for trial each day with sufficient witnesses for the entire day.  The parties will stand when addressing the Court.  The Court is always addressed as "Your Honor" or "Judge," not "Sir".  The parties must always use and stay at the podium when addressing the Court, the jury, and questioning witnesses.

### 13. Jury Verdict
After the case has been submitted to the jury, each party must designate an attorney to be contacted during jury deliberations and provide that attorney's contact phone number, preferably a cellular phone number.  Each party and counsel will have twenty minutes to return to the courtroom if the jury has a question that must be answered by the Court.  When the jury has reached a verdict, the parties and counsel must return to the courtroom within twenty minutes to hear the verdict.

Please familiarize yourselves with the Local Rules of the Eastern District of Washington, in particular, LR 83.1, "Courtroom Practice and Civility."

I look forward to seeing you on the first day of trial. If you have any questions, please contact my Paralegal, Bridgette Fortenberry, at the telephone number listed above.

Thank you.

Very truly yours,

THOMAS O. RICE
Chief United States District Judge