UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>      Plaintiff,<br><br> v.<br><br>STEVEN SINCLAIR, RON KNIGHT, LYNN IRISH CLARK and GARY PIERCE,<br><br>      Defendants. | CASE NO. 2:12-CV-5141-TOR |

_____

PRELIMINARY INSTRUCTIONS GIVEN BY THE COURT
_____

DATED September 23, 2019.

*Thomas O. Rice* (signature)

THOMAS O. RICE
Chief United States District Judge

PRELIMINARY INSTRUCTIONS ~ 1

PRELIMINARY INSTRUCTION NO. 1

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions throughout the trial with which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

PRELIMINARY INSTRUCTION NO. 2

This is a civil case brought by Plaintiff John Thomas Entler against Defendants Steven Sinclair, Ron Knight, Lynn Irish Clark, and Gary Pierce. To help you follow the evidence, I will give you a brief summary of the parties' positions:

Mr. Entler contends that Defendants, while working at the Washington State Penitentiary and acting under color of law, violated his rights under the First Amendment to the United States Constitution. Specifically, Mr. Entler claims that Defendants violated his constitutional right to free speech when he was threatened with infractions and transfer, was issued four infractions, and eventually sanctioned a total of 15-days lost yard or gym access, 10-days of cell confinement and a written warning not to badger staff for 30 days or face further infraction.

To succeed on his claims, Mr. Entler must prove each of the following by a preponderance of the evidence:

<u>First</u>: That Mr. Entler's speech was protected conduct under the First Amendment;
<u>Second</u>: That the Defendant took some adverse action against him because he engaged in protected conduct;
<u>Third</u>: That the adverse action would chill or silence a person of ordinary firmness from future First Amendment activities; and
<u>Fourth</u>: That the adverse action did not reasonably advance a legitimate correctional goal.

PRELIMINARY INSTRUCTIONS ~ 3

Defendants deny that they retaliated against Mr. Entler because of his protected conduct under the First Amendment; deny that a reasonable person would have felt chilled by the adverse actions; deny that the adverse actions did not serve a legitimate correctional goal; and deny that Mr. Entler suffered an actual injury.

An adverse action is taken "because of" protected conduct if such protected conduct was a "substantial" or "motivating factor" for taking the adverse action. Defendants bear the burden of showing, by a preponderance of the evidence, that they would have taken the same action even if Mr. Entler did not engage in the protected conduct.

Whether an adverse action would chill or silence a person of ordinary firmness from future First Amendment activities is based on an objective standard – how a person of ordinary firmness in the same situation would act – not whether Mr. Entler's conduct was chilled in fact.

PRELIMINARY INSTRUCTIONS ~ 4

## PRELIMINARY INSTRUCTION NO. 3

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

PRELIMINARY INSTRUCTIONS ~ 5

# PRELIMINARY INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of the following:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proven.

## PRELIMINARY INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers and Mr. Entler while off the witness stand are not evidence. The lawyers are not witnesses. What the lawyers and Mr. Entler will say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers and Mr. Entler (while not on the witness stand) have stated them, your memory of them controls. Mr. Entler is proceeding pro se, which means he is representing himself without a lawyer. Statements he makes while representing himself are not to be considered as evidence; while statements he makes on the witness stand under oath are considered evidence.

(2) Questions and objections by lawyers and Mr. Entler are not evidence. Parties have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

PRELIMINARY INSTRUCTIONS ~ 7

1  (3) Testimony that has been excluded or stricken, or that you have been
2      instructed to disregard, is not evidence and must not be considered.  In
3      addition, sometimes testimony and exhibits are received only for a limited
4      purpose; when I give a limiting instruction, you must follow it.
5  (4) Anything you may have seen or heard when the Court was not in session is
6      not evidence.  You are to decide the case solely on the testimony and
7      exhibits received and admitted into evidence in the courtroom.

PRELIMINARY INSTRUCTIONS ~ 8

## PRELIMINARY INSTRUCTION NO. 6

There are rules of evidence that control what can be received into evidence. When a party asks a question or offers an exhibit into evidence and the other side thinks that it is not permitted by the rules of evidence, they may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## PRELIMINARY INSTRUCTION NO. 7

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

PRELIMINARY INSTRUCTIONS ~ 10

PRELIMINARY INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account the following:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what

1  they remember. Also, two people may see the same event but remember it

2  differently. You may consider these differences, but do not decide that testimony

3  is untrue just because it differs from other testimony.

4  However, if you decide that a witness has deliberately testified untruthfully

5  about something important, you may choose not to believe anything that witness

6  said. On the other hand, if you think the witness testified untruthfully about some

7  things but told the truth about others, you may accept the part you think is true and

8  ignore the rest.

9  The weight of the evidence as to a fact does not necessarily depend on the

10 number of witnesses who testify about it. What is important is how believable the

11 witnesses were, and how much weight you think their testimony deserves.

PRELIMINARY INSTRUCTIONS ~ 12

## PRELIMINARY INSTRUCTION NO. 9

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

PRELIMINARY INSTRUCTIONS ~ 13

# PRELIMINARY INSTRUCTION NO. 10

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

PRELIMINARY INSTRUCTION NO. 11

I will now say a few words about your conduct as jurors. First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, web site, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in a case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

PRELIMINARY INSTRUCTIONS ~ 15

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## PRELIMINARY INSTRUCTION NO. 12

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave each evening, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## PRELIMINARY INSTRUCTION NO. 13

Trials proceed in the following way: First, each side may make an opening statement.  Remember, an opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiff will then present evidence and counsel for the Defendants may cross-examine.  Then Defendants may present evidence and Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and then you will hear closing arguments. After that, you will go to the jury room to deliberate on your verdict.