FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 24 2019

SEAN F. McAVOY, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

Timothy J. Feulner, WSBA #45396
Cassie vanRoojen, WSBA #44049
Assistant Attorneys General
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
360-586-1445
Tim.Feulner@atg.wa.gov
Cassie.vanRoojen@atg.wa.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHRISTINE GREGOIRE, BERNIE WARNER, STEVEN SINCLAIR, RON KNIGHT, LYNN/IRISH CLARK and MR. PIERCE,<br><br>　　　　　Defendants. | NO. CV12-5141-TOR<br><br>DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW |

COME NOW Defendants, STEPHEN SINCLAIR, RON KNIGHT, LYNN/IRISH CLARK, AND GARY PIERCE, by and through their attorneys of record, ROBERT W. FERGUSON, Attorney General, TIMOTHY J. FEULNER, Assistant Attorney General, and CASSIE B. vanRoojen, Assistant Attorney General and respectfully move for judgment as a matter of law pursuant to Rule 50(a).

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

## I. INTRODUCTION

In this lawsuit, Entler is alleging that four Department of Corrections (Department or DOC) staff retaliated against him for his exercise of his First Amendment rights. The parties are currently presenting evidence in a jury trial. Entler, acting pro se, has presented evidence through his own testimony at trial. Entler has also called Defendants to testify in his case. Entler has been given a full opportunity to present his case, and he has now rested his case. Based on the evidence presented at this trial, Defendants now move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).

## II. ARGUMENT

Rule 50(a) allows the Court to render judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient basis for a reasonable jury to find for the party on an issue. Fed. R. Civ. P. 50(a); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000). In evaluating a Rule 50 motion, the Court considers all evidence in the record and draws all reasonable inferences in the non-moving party's favor. *Id.* The Court cannot make credibility determines or weigh the evidence. *Id.*

Entler's only claims in this case are that Defendants retaliated against him for sending kites and letters to Department staff. To prove this type of claim, an inmate must prove: 1) a defendant took some adverse action against the inmate, 2) because of 3) the inmate's protected conduct and that this action 4) chilled the inmate's exercise of his First Amendment rights and 5) did not

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Based on the Ninth Circuit's decision in this case, an inmate has a constitutional right to make threats to file non-frivolous grievances and lawsuits. *Entler v. Gregoire*, 872 F.3d 1031, 1040 n.16 (9th Cir. 2017). Additionally, a Section 1983 claim requires evidence that each individual defendant's actions or omissions caused the constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988).

### A. Entler's Compensatory Damage Claims Should Be Dismissed

As the term compensatory damages implies, compensatory damages in a Section 1983 case are intended to compensate a plaintiff for injuries caused by the violation of the plaintiff's constitutional rights. *Memphis Community School District v. Stachura*, 477 U.S. 299, 306-07 (1986). However, where there is no injury present, no compensatory damages may be awarded. *Id.* at 308. And the Supreme Court has rejected the idea that a plaintiff in a Section 1983 action can recover damages based on the valuation of the abstract importance of a constitutional right. *Id.* at 309. When an individual cannot show actual injury, they are limited to nominal damages. *Id.* at 308 n.11.

Based on his jury instructions, Entler has two theories of compensatory damages.[1] First, he asks that the jury award damages based on the nature and extent of injuries. ECF No. 220, at 29. However, Entler has not shown any actual evidence of injury. Entler has presented no evidence about the effect that the infractions had upon him.. In other words, there is no actual evidence upon which the jury can base an award of damages. Entler also claims damages for "loss of enjoyment of life experienced." This request appears to be seeking damages for emotional injuries and Entler presented no evidence of such injuries. Furthermore, there is no evidence upon which a reasonable jury could find that he lost enjoyment of life. Although Entler has provided documentary evidence about minor sanctions that he received, Entler has not presented any concrete evidence that such a small sanction impacted him in any cognizable way. As such, there is no evidence for the jury to award compensatory damages. Any award in this case should be limited to nominal damages.[2] Therefore, the Court should grant judgment to Defendants' claims of compensatory damages.

---

[1] As explained in Defendants' objections to Plaintiff's jury instructions, Plaintiff has also proposed compensatory damage theories that appear to mirror punitive damage theories.

[2] Entler also seeks punitive damages. Punitive damages are addressed below.

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

### B. Entler's Kites and Letter Raised Frivolous Issues

To be protected conduct, Entler's kites and grievances had to be a legitimate attempt to raise non-frivolous issues. *Entler v. Gregoire*, 872 F.3d 1031, 1040 n.16 (9th Cir. 2017). Entler has failed to present sufficient evidence for the jury to reach a conclusion in his favor on this issue and dismissal of all of Entler's claims is appropriate on this basis. Entler's kites and letters raised four issues: 1) Counselor McCoy's failure to make copies on demand violated state law; 2) Nathan Shatto's denial of the art curio permit was retaliation; 3) the deduction of money from Entler's account violated state law; and 4) Entler was forced by Clark to work against his religious beliefs. Based on the evidence before the Court, Entler has failed to show that these issues were non-frivolous.

#### 1. McCoy's Alleged Failure to Provide Him Copies Did Not Violate State Law

Entler claims that Counselor Irwin's failure to provide him with copies within time that he believed was appropriate was a violation of RCW 72.09.190 and such a violation was criminal misconduct. That provision, however, does not mention legal copies at all. In fact, the provision refers to legal services, and the Department contracting with attorneys to provide such services. Nowhere does it mention any mandatory duties about copies. Additionally, Entler has not presented any specific evidence that he was denied legal copies within a reasonable amount time. The only specific example that he can identify

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

involved a request on a Sunday for copies on a Monday, and Counselor McCoy offered to make those copies on a Tuesday. Furthermore, to the extent that Entler is claiming that the Department must provide "reasonable legal services" under this provision, the only reference to reasonable legal services is the statement of intent in RCW 72.09.190. Such general statements of intent do not create any enforceable duties under Washington law. *See, e.g., Murphy v. State*, 115 Wn. App. 297, 315, 62 P.3d 533 (2003). As such, Entler's claims that McCoy committed criminal misconduct for violating RCW 72.09.190 are frivolous.

### 2. There Is No Evidence Shatto Retaliated Against Entler by Denying Him an Art Curio Permit

Entler claimed that Shatto denied him an art curio permit in retaliation for his protected conduct. Entler has failed to show that Shatto retaliated against him. Entler has not presented any evidence that Shatto made the decision on the art curio permit. Indeed, Entler now claims that the decision was made by Clark. Entler has also not presented any evidence that Shatto's decision was based on any protected conduct. Furthermore, Entler has not presented any evidence that the denial of the art curio permit (assuming Entler has shown that Shatto made the decision) did not reasonably advance legitimate penological interests. Denying an inmate an extra privilege in the form of art curio permit based on staff feedback that the inmate was not programming and had negative

1  interactions with staff serves a legitimate penological interest. Finally, Entler
2  has not shown that the denial of an art curio permit is sufficiently adverse to
3  constitute adverse action. The art curio permit is a privilege and the denial of an
4  extra privilege under the circumstances would not deter an individual of
5  ordinary firmness from engaging in protected activity. Thus, such claims are
6  frivolous.

7      **3.  The Deduction of Costs Owed by Entler to the Department Did Not Violate State Law**
8

9      One of Entler's kites dealt with a deduction that DOC HQ accounting
10  placed on his account. Entler does not contest that he owed this money to the
11  Department. Entler does not contest that he had not paid any money on this cost
12  bill at the time that he sent his kites. Entler claims that the deduction of this
13  money violated state law governing deductions. However, Entler points to no
14  legal authority that suggests the statutory provisions that he cited are the
15  exclusive means of making deductions. In fact, the Department has authority to
16  make other deductions under both state law and federal law, such as the PLRA.
17  Entler's claim to the contrary is frivolous. Furthermore, as a matter of common
18  sense, Entler's claim is absurd. Essentially, Entler claims that the Department is
19  unable to deduct money that he concedes that he owes to the Department from
20  money that the Department is maintaining for Entler. Entler cites no authority
21  for this proposition. Therefore, this claim related to his deductions is frivolous.
22

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

7

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

### 4. Entler Has Not Shown That Clark Made Him Work in Violation of Religious Beliefs

Entler sent kites and letter claiming that he was being made to work by Clark. Entler claims that that working for the Department runs afoul of his religious beliefs. This argument ignore that the relevant requirement is a programming requirement, not a work requirement. Entler has also conceded that he does not recall how many days he worked. Furthermore, Entler has not presented any proof that Clark made the decision to make him work. Entler has also acknowledged that the problem with working is that he cannot work but that he cannot be paid for work. Yet, he presents no evidence that he explained this requirement to Defendants.

Entler is apparently claiming that Clark's actions violated RLUIPA. RLUIPA prohibits state correctional facilities from substantially burdening inmates' religious exercise unless the burden furthers a compelling government interest and does so by the least restrictive means. 42 U.S.C. § 2000cc-1(1)-(2). Under RLUIPA, the inmate bears the initial burden to show a prima facie case that the government regulation imposes a substantial burden on the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). Entler cannot show that Clark imposed any substantial burden on his religious rights.

There is also a clear and compelling interest to a mandatory programming requirement. Washington state law requires that "[e]ligible

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
NO. CV-12-5141-TOR

8

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

inmates who refuse to participate in available education or work programs available at no charge to the inmates shall lose privileges according to the system established under RCW 72.09.130." RCW 72.09.460. This District has previously addressed a similar argument by an inmate that they should be completely exempt from the programming requirement. *Jenkins v. Vail*, No. CV-08-5075-CI, 2010 WL 3719069 (E.D. Wash. Sept. 17, 2010). This District previously, correctly concluded that the Department has a compelling government interest in requiring inmates to program. *Id.* Furthermore, in Entler's case, to the extent that there is any evidence that he was required to work, the evidence establishes that he was only required to work for a very short period of time. These facts do not establish a non-frivolous RLUIPA claim against Clark.

For the above stated reasons, Entler's complaints did not raise non-frivolous issues and were not protected conduct as a result. The last letter to the Governor complained about retaliation from Clark. However, this retaliation claim likewise fails because Entler was not being punished for protected conduct; rather, he was punished for frivolous, unprotected complaints. There is also significant evidence in the record that Entler's kites and letters were not legitimate attempts to resolve these frivolous issues, but that they were attempts to harass staff with repetitive, baseless complaints. In fact, contrary to Entler's statements to the Ninth Circuit about his purported belief that he needed to

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

9

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

exhaust his administrative remedies through the informal grievance process prior to filing a formal grievance, Entler was pursuing both the formal grievance process and sending various staff letters of the same issue. Based on all of the evidence, no reasonable jury could find that the issues were protected non-frivolous complaints or that Entler was sending these kites and letters to resolve issues. Therefore, the Court should dismiss all of Entler's claims.

C.  **Entler's Retaliation Claims Against Sinclair Must Be Dismissed**

Entler has failed to provide sufficient evidence that Sinclair retaliated against him. Entler's claims against Sinclair appear based entirely a September 17 disciplinary appeal decision. There is no evidence that Sinclair was aware of the four disciplinary infractions prior to their issuance.

First, Entler has not shown that Sinclair took any adverse action against Entler. The denial of the disciplinary appeal by Sinclair sent cannot constitute adverse action. In terms of the September 17 disciplinary appeal decision, the decision was unfavorable to Entler and adverse in that sense. However, by the time that Entler's appeal was denied, he had already been issued the four disciplinary infractions; he had already had hearings on all four infractions; and he had already served the sanction for all four infractions. Therefore, to the extent that the denial of the disciplinary appeal was adverse, it did not result in a deprivation of Entler's rights or cause Entler any injury.

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

10

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

Second, there is insufficient evidence to support a finding that Sinclair's actions were substantially motivated by Entler's protected conduct. There is no evidence that Sinclair's appeal decision was motivated by a desire to deter Entler from filing non-frivolous lawsuits or grievances, or from threatening to do so. The punishment that was imposed on Entler was imposed pursuant to a valid prison rule. When a prison official punishes an inmate based on a belief that the inmate violated a legitimate prison rule, the official is not motivated to punish an inmate for the exercise of his constitutional rights but instead is motivated by a desire to enforce the valid rule. *See e.g., Hartsfield v. Nichols*, 511 F.3d 826, 829-31 (8th Cir. 2008); *Carter v. McGrady*, 292 F.3d 152, 159 (3d Cir. 2002); *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999). As such, Entler has failed to show causation.

Third, there is insufficient evidence that Sinclair's actions lack a legitimate penological interest. Fourth, Sinclair's actions would not deter a reasonable person from engaging in protected conduct. The mere affirmance of a disciplinary sanction after it had already been served and two letters would not deter a reasonable person.

Finally, even if the Court declines to dismiss the claims against Sinclair in their entirety, any claim of punitive damages should be dismissed. Courts can resolve the issue of punitive damages by a directed verdict if the evidence, viewed in plaintiff's favor, can only reasonably support a defense verdict. *Ward*

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

11

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1  v. *City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991). Punitive damages are
2  only awarded if a defendant's conduct was malicious, oppressive, or taken in
3  reckless disregard of Entler's rights. *Dang v. Cross*, 422 F.3d 800 (9th Cir.
4  2005). Sinclair's actions here do not support an award of punitive damages.
5  Again, Sinclair's actions are limited to a denial of a disciplinary appeal
6  decision. Based on this evidence, no reasonable jury could find that Sinclair
7  acted maliciously, oppressively, or in reckless disregard of Entler's rights.
8  Therefore, if the Court declines to dismiss the claims on liability, it should at
9  least dismiss the punitive damages claim against Sinclair.

**D.   Entler's Retaliation Claims Against Knight Should Be Dismissed**

Entler's claims against Knight should also be dismissed. There is no concrete evidence that Knight was involved in the issuance of the infractions. Knight did meet with Entler and write a letter warning Entler that his kites and letters were intimidating and threatening and warning him that there would be consequences if Entler continued to communicate with staff in an inappropriate manner. This letter cannot reasonably be construed as adverse action. Simply telling someone to stop behaving inappropriately is not adverse action that can be the basis for a retaliation claim. To conclude otherwise would enormously expand the range of liability under Section 1983. Therefore, Knight did not take adverse action against Entler.

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

12

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

Furthermore, Entler has failed to show that Knight's actions did not serve legitimate penological interests. Entler bears the burden of proving an absence of legitimate penological interests. A letter telling an inmate to communicate appropriately with prison staff serves an obvious legitimate penological interest. Entler has failed to present sufficient evidence to establish that this obvious penological interest does not apply. Therefore, the claims against Knight should be dismissed.

Even if the Court does not dismiss the claims against Knight, it should dismiss the claims of punitive damages. Writing a letter and speaking to Entler does not constitute conduct that is malicious, oppressive, or taken in reckless disregard of Entler's rights. As such, at a minimum, dismissal of the punitive damages claims against Knight is appropriate.

### E. Entler's Retaliation Claims Against Clark Should Be Dismissed

Clark wrote the four prison disciplinary infractions. However, the writing of a disciplinary infraction merely means that the inmate will have a hearing about the infraction. Regardless, Entler has failed to show that the writing of the infractions did not advance a legitimate correctional purpose. Entler has presented no competent evidence to address this element of his claim. The evidence does show that Entler was told that his kites and letters were perceived as harassing and threatening. Entler was given an opportunity to change his behavior. He did not, and he was infracted. Infracting an inmate who refuses to

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

13

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

stop behavior that is harassing and intimidating and that is against prison rules serves an obvious penological goal. Entler has not presented sufficient evidence to show that the infractions at issue failed to advance such a correctional goal. As such, Clark is entitled to judgment as a matter of law.

Even if Clark is not entitled to judgment as a matter of law on liability, he is entitled to judgment as a matter of law on punitive damages. The infractions at issue were a legitimate attempt to address abusive behavior by Entler. There is no evidence to support a finding of maliciousness, oppressiveness, or reckless disregard of Entler's rights. Therefore, Entler's claim for punitive damages against Clark should be dismissed.

### F. Entler's Retaliation Claims Against Pierce Should Be Dismissed

Entler's claims against Pierce should be dismissed because Entler has failed to show that the disciplinary decisions did not advance a legitimate correctional goal. For reasons similar to Clark, Entler has failed to show that the disciplinary decisions did not advance a legitimate correctional goal. Therefore, Pierce is entitled to judgment as a matter of law on Entler's First Amendment claims. Third, Pierce—as a disciplinary hearings officer—was imposing a punishment based on a reasonable view of a valid prison rule. Such action does not raise a viable retaliation claim.

Even if Pierce is not entitled to judgment as a matter of law on liability, he is entitled to judgment as a matter of law on punitive damages. The

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

14

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

infractions at issue were a legitimate attempt to address abusive behavior by Entler. There is no evidence to support a finding of maliciousness, oppressiveness, or reckless disregard of Entler's rights. In fact, Pierce actually reduced each infraction for which he acted as a disciplinary hearings officer and imposed only the most minor punishment. Therefore, Entler's claim for punitive damages against Pierce should be dismissed.

### G. Defendants Are Entitled to Qualified Immunity

Qualified immunity is appropriate if no precedent squarely governs the facts and the court cannot say that only someone plainly incompetent or who knowingly violates the law would have acted as the official did. *Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016). In determining whether defendants are entitled to qualified immunity, the court makes a two-step inquiry. First, the court determines if plaintiff has shown that defendants violated his constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Second, the court must determine if the right was clearly established. *Id.* This requires the court to determine if it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.* at 202. For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

15

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1   The plaintiff bears the burden of proving that the right was clearly established.
2   See *Davis v. Scherer*, 468 U.S. 183, 197 (1984).

3   The Court has previously expressed preliminary concerns that the Ninth Circuit has definitively resolved qualified immunity. However, qualified immunity is a defense that can be asserted at various stages of a case, beginning with a motion to dismiss and continuing through trial and post-trial motions. See *Johnson v. Breeden*, 280 F.3d 1308, 1317-18 (11th Cir. 2002) ("Defendants who are not successful with their qualified immunity defense before trial can re-assert it at the end of the plaintiff's case in a Rule 50(a) motion"). In the prior Ninth Circuit decision in this case, the Ninth Circuit emphasized twice that it was deciding qualified immunity based on the evidence before it. *Entler*, 872 F.3d 1031, 1043 (9th Cir. 2017) ("*Taking the complaint as true in the face of a 12(c) motion to dismiss on the pleadings*...we cannot conclude that a reasonable official would not have understood that disciplining Entler for threatening to file a civil suit was constitutionally impermissible.") (emphasis added); *Entler*, 872 F.3d at 1043 ("Therefore, *on the papers before us*, Appellees are not entitled to qualified immunity for Entler's threats to initiate civil litigation.") (emphasis added). As such, the issue of qualified immunity remains an issue that needs to be resolved on the trial record.

20  The Ninth Circuit determined that it was clearly established that an inmate cannot be punished merely for making a threat to file a lawsuit or a

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

16

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

grievance. Defendants do not quibble with that legal principle.[3] However, that legal principle does not necessarily resolve qualified immunity. Assuming the correctness of that legal principle, such a principle would not make it beyond debate that Defendants' actions in this case were unconstitutional. Defendants were not punishing Entler because he merely made a polite statement that he was going to sue staff as part of a legitimate attempt to resolve a legitimate issue. Rather, Entler was punished because he repeatedly flooded Department staff with kites about trivial, frivolous matters making outrageous demands, such as firing a staff member, and flooding multiple staff with the same issue while also pursuing a formal grievance over the same issue. And Entler was punished for this conduct only after he was told that he would be punished if he did not change his behavior. Under this set of circumstances, it is not clear beyond debate that all but the plainly incompetent correctional officer would understand that such punishment is unconstitutional. Thus, all Defendants are entitled to qualified immunity on this record and the claims against them should be dismissed.

---

[3] In fact, Defendants have never suggested that merely threatening a lawsuit is a basis for punishment. Nor did this Court's prior decision on the motion for judgment on the pleadings rest on that premise.

### III. CONCLUSION

Defendants respectfully request that the Court grant their motion for judgment as a matter of law and dismiss Entler's claims against them.

RESPECTFULLY SUBMITTED this 24th day of September, 2019.

>ROBERT W. FERGUSON
>Attorney General
>
>s/ Timothy J. Feulner
>Timothy J. Feulner, WSBA #45396
>Assistant Attorney General
>TimF1@atg.wa.gov

DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW
NO. CV-12-5141-TOR

18

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445