UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>                    Plaintiff,<br><br>    v.<br><br>LYNN IRISH CLARK and GARY<br>PIERCE,<br><br>                    Defendants. | CASE NO. 2:12-CV-5141-TOR |

---

## FINAL INSTRUCTIONS GIVEN BY THE COURT

---

DATED September 25, 2019.

_Thomas O. Rice_
THOMAS O. RICE
Chief United States District Judge

FINAL INSTRUCTIONS ~ 1

## FINAL INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

These instructions are the final instructions that govern your deliberations. This set of instructions is not to be taken home and must remain in the jury room.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## FINAL INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of the following:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence;

3.  any facts to which the parties have agreed; and

4.  any facts that I have instructed you to accept as proven.

FINAL INSTRUCTIONS ~ 3

1      <u>FINAL INSTRUCTION NO. 3</u>

2      In reaching your verdict, you may consider only the testimony and exhibits

3 received into evidence.  Certain things are not evidence, and you may not consider

4 them in deciding what the facts are.  I will list them for you:

5      (1)   Arguments and statements by lawyers and Mr. Entler while off the witness

6            stand are not evidence.  The lawyers are not witnesses.  What the lawyers

7            and Mr. Entler will say in their opening statements, will say in their closing

8            arguments, and at other times is intended to help you interpret the

9            evidence, but it is not evidence.  If the facts as you remember them differ

10           from the way the lawyers and Mr. Entler (while not on the witness stand)

11           have stated them, your memory of them controls.  Mr. Entler is proceeding

12           pro se, which means he is representing himself without a lawyer.

13           Statements he makes while representing himself are not to be considered as

14           evidence; while statements he makes on the witness stand under oath are

15           considered evidence.

16     (2)   Questions and objections by lawyers and Mr. Entler are not evidence.

17           Parties have a duty to object when they believe a question is improper

18           under the rules of evidence.  You should not be influenced by the objection

19           or by the Court's ruling on it.

20

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)  Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the testimony and exhibits received and admitted into evidence in the courtroom.

1    <u>FINAL INSTRUCTION NO. 4</u>

2        Evidence may be direct or circumstantial.  Direct evidence is direct proof of

3    a fact, such as testimony by a witness about what that witness personally saw or

4    heard or did.  Circumstantial evidence is proof of one or more facts from which

5    you could find another fact.  You should consider both kinds of evidence.  The law

6    makes no distinction between the weight to be given to either direct or

7    circumstantial evidence.  It is for you to decide how much weight to give to any

8    evidence.

9

10

11

12

13

14

15

16

17

18

19

20

FINAL INSTRUCTIONS ~ 6

## FINAL INSTRUCTION NO. 5

There are rules of evidence that control what can be received into evidence. Throughout trial the parties objected to certain questions or exhibits. You must abide by my decisions. Please recall that if I sustained an objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

In trial I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Likewise, when I gave you an instruction limiting what certain evidence could be used for, you must follow my instruction and so limit your use of that evidence.

1

## FINAL INSTRUCTION NO. 6

2     The testimony you heard from the witnesses about their understanding or

3 belief as to the state of the law or Mr. Entler's rights may be considered only for

4 the limited purpose of the state of mind or beliefs of the parties and not for any

5 other purpose.  Specifically, you should not rely on these assertions or beliefs as

6 though they are the law and you should not assume that a witness's testimony

7 about the law is correct.  The jury instructions that I have provided are the law on

8 which you should rely upon in reaching your verdict.

9

10

11

12

13

14

15

16

17

18

19

20

FINAL INSTRUCTIONS ~ 8

FINAL INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account the following:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what

they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

FINAL INSTRUCTIONS ~ 10

## FINAL INSTRUCTION NO. 8

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

FINAL INSTRUCTIONS ~ 11

## FINAL INSTRUCTION NO. 9

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

FINAL INSTRUCTIONS ~ 12

## FINAL INSTRUCTION NO. 10

Defendants are being sued as individuals.  Neither the Washington State Department of Corrections nor the State of Washington nor any other Department of Corrections employee is a party to this lawsuit.  Defendants  Lynn Clark and Gary Pierce are the only Defendants in this action.

FINAL INSTRUCTIONS ~ 13

## FINAL INSTRUCTION NO. 11

Plaintiff John Thomas Entler seeks to hold Defendants Lynn Irish Clark and Gary Pierce liable for violating his rights under the First Amendment to the United States Constitution.

To succeed on his claims, Mr. Entler must prove each of the following by a preponderance of the evidence:

First:      That Mr. Entler's speech was protected conduct under the First Amendment;

Second:     That the Defendant took some adverse action against him because he engaged in protected conduct;

Third:      That the adverse action would chill or silence a person of ordinary firmness from future First Amendment activities; and

Fourth:     That the adverse action did not reasonably advance a legitimate correctional goal.

FINAL INSTRUCTIONS ~ 14

FINAL INSTRUCTION NO. 12

While a convicted prisoner loses some constitutional rights, prisoners retain the right to threaten to pursue legal remedies and file grievances.  However, these threats are protected speech unless they are objectively baseless in the sense that no reasonable person could expect success on the merits.  If the threat is protected speech, Mr. Entler cannot be punished for merely voicing the threat.

An adverse action is taken "because" of protected conduct if such protected conduct was a "substantial" or "motivating factor" for taking the adverse action.

Defendants bear the burden of showing, by a preponderance of the evidence, that they would have taken the same action even if Mr. Entler did not engage in the protected conduct.

Defendants are responsible for adverse actions taken directly by them.  A Defendant is also responsible for the adverse actions of others if he sets in motion a series of acts which that Defendant knows or reasonably should know would cause others to take the adverse action.

Whether an adverse action would chill or silence a person of ordinary firmness from future First Amendment activities is based on an objective standard – how a person of ordinary firmness in the same situation would act – not whether Mr. Entler's conduct was chilled in fact.

FINAL INSTRUCTIONS ~ 15

The Court has determined that curbing coercive, intimidating, or harassing behavior is a legitimate penological interest. The jury must determine whether Defendants actions were rationally connected to the interest of preventing coercive, intimidating or harassing behavior.

## FINAL INSTRUCTION NO. 13

You have heard evidence about whether Defendants' conduct complied with or violated Department regulations and policies. You may consider this evidence in your deliberations. But remember that the issue is whether Defendants retaliated against Plaintiff for engaging in protected conduct, not whether Defendants might have complied with or violated Department policy.

### FINAL INSTRUCTION NO. 14

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on any of his claims, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for the actual injury caused by the constitutional deprivation. You may not award damages based on the abstract value of a constitutional right.

Any award of damages must be based on evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure damages. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

## FINAL INSTRUCTION NO. 15

In this case, if two or more actors are responsible for resulting damages, the actors are jointly and severally liable. This means that each responsible actor is independently liable for the entire amount of damages resulting from their act. The Court has provided a separate special verdict form for damages that potentially involve more than one actor.

You will see this reflected in the individual special verdict forms addressing the individual claims and issues where joint and several liability is potentially implicated.

## FINAL INSTRUCTION NO. 16

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## FINAL INSTRUCTION NO. 17

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

FINAL INSTRUCTIONS ~ 21

# FINAL INSTRUCTION NO. 18

One set of special verdict forms has been prepared for you. You should follow the instructions on the verdict forms closely in conjunction with these instructions. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the forms that has been given to you, sign and date them, and advise the Court by sending a note through the bailiff stating you have reached a verdict and are ready to return to the courtroom. The presiding juror will deliver the verdict forms to the Judge in open court.

Unanimous verdict means all jurors agree to the answers submitted on the verdict forms.